UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FRIENDSHIPCOLLAR LTD.,** | ) | CASE NO.:    5:18-cv-478 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| **PAWZ LLC**, et al., | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS PAWZ, LLC AND CHRISTIAN CAMPISI'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FRIENDSHIPCOLLAR
LTD.'S FIRST AMENDED COMPLAINTAND COUNTERCLAIM**


Defendants PAWZ, LLC ("PAWZ") and Christian Campisi ("Campisi") (collectively hereafter "Defendants") through their undersigned counsel respond as follows to the First Amended Complaint in this action. Everything not given a specific response is DENIED.

1.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 of the First Amended Complaint and therefore, deny the same.

2.      Defendants admit the allegations of Paragraph 2 of the First Amended Complaint.

3.      Defendants admit that Christian Campisi is a natural person and a resident of Stark County, Ohio. Defendants are without sufficient information to admit or deny the basis of Plaintiff's information and belief concerning the remaining allegations of Paragraph 3 of the First Amended Complaint.

4.       Defendants admit the allegations of Paragraph 4 of the First

Amended Complaint.

5.     Defendants admit the allegations of Paragraph 5 of the First Amended Complaint.

6.     Defendants admit the allegations of Paragraph 6 of the First Amended Complaint.

7.     Defendants deny the allegations of Paragraph 7 of the First Amended Complaint.

8.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 of the First Amended Complaint and therefore, deny the same.

9.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 of the First Amended Complaint and therefore, deny the same.

10.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 10 of the First Amended Complaint and therefore, deny the same.

11.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 11 of the First Amended Complaint and therefore, deny the same.

12.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 12 of the First Amended Complaint and therefore, deny the same.

13.     Defendants are without sufficient information to admit or deny the

allegations of Paragraph 13 of the First Amended Complaint and therefore, deny the same.

14.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 of the First Amended Complaint and therefore, deny the same.

15.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of the First Amended Complaint and therefore, deny the same.

16.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 16 of the First Amended Complaint and therefore, deny the same.

17.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 of the First Amended Complaint and therefore, deny the same.

18.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 of the First Amended Complaint and therefore, deny the same.

19.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 of the First Amended Complaint and therefore, deny the same.

20.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 of the First Amended Complaint and therefore, deny the same.

21.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 of the First Amended Complaint and therefore, deny the same.

22.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 22 of the First Amended Complaint and therefore, deny the same.

23.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 of the First Amended Complaint and therefore, deny the same.

24.     Defendants deny the allegations of Paragraph 24 of the First Amended Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the First Amended Complaint.

26.     Defendants deny the allegations of Paragraph 26 of the First Amended Complaint.

27.     Defendants deny the allegations of Paragraph 27 of the First Amended Complaint.

28.     Defendants deny the allegations of Paragraph 28 of the First Amended Complaint.

29.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 29 of the First Amended Complaint and therefore, deny the same.

30.     Defendants deny the allegations of Paragraph 30 of the First

Amended Complaint.

31.     Defendants deny the allegations of Paragraph 31 of the First Amended Complaint.

32.     Defendants deny the allegations of Paragraph 32 of the First Amended Complaint.

33.     Defendants admit that Defendant PAWZ, LLC operates an instagram.com profile and online sales platform at pawzshop.com. Defendants deny the remaining allegations set forth in Paragraph 33 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

34.     Defendants admit that Defendant PAWZ, LLC offered on its online shop a number of pet collar-and-bracelet sets which were called "Best Friend Bracelet + Collar". Defendants deny the remaining allegations set forth in Paragraph 34 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

35.     Defendants deny the allegations of Paragraph 35 of the First Amended Complaint.

36.     Defendants deny the allegations of Paragraph 36 of the First Amended Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the First Amended Complaint.

38.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 38 of the First Amended Complaint and therefore, deny

the same.

39.     Defendants admit that "Black Gold" is a product offered by Defendant PAWZ, LLC. Defendants deny all other allegations set forth in Paragraph 39.

40.     Defendants do not believe that Paragraph 40 asserts any allegation that may be admitted or denied; however, Defendants deny that the language attributable by Plaintiff to "Defendants" is attributable to Defendant Campisi in his personal capacity.

41.     Defendants deny the allegations of Paragraph 41 of the First Amended Complaint.

42.     Defendants admit that there are obvious differences between Defendant PAWZ LLC's product and Plaintiff's product. Defendants deny all remaining allegations in Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43 of the First Amended Complaint.

44.     Defendants deny the allegations of Paragraph 44 of the First Amended Complaint.

45.     Defendants deny the allegations of Paragraph 45 of the First Amended Complaint.

46.     Defendants admit that there are obvious differences between Defendant PAWZ LLC's packaging and Plaintiff's packaging. Defendants deny all remaining allegations in Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47 of the First

Amended Complaint.

48.     Defendants deny the allegations of Paragraph 48 of the First Amended Complaint.

49.     Defendants deny the allegations of Paragraph 49 of the First Amended Complaint.

50.     Defendants deny the allegations of Paragraph 50 of the First Amended Complaint.

51.     Defendants admit the allegations of Paragraph 51. Further answering, Defendants deny that any activity is infringing.

52.     Defendants deny the allegations of Paragraph 52 of the First Amended Complaint.

53.     Defendants admit that Plaintiff sent a letter by e-mail on February 23, 2018. Defendants deny the remaining allegations set forth in Paragraph 53 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

54.     Defendants deny that they should be subject to a temporary or permanent injunction and further deny that their acts are somehow improper and, therefore, deny the allegations of Paragraph 54 of the First Amended Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the First Amended Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the First Amended Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the First Amended Complaint.

58.     Defendants restate their Answers to Paragraphs 1 through 57 of the First Amended Complaint.

59.     The allegations set forth in paragraph 59 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 59 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

60.     The allegations set forth in paragraph 60 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 60 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

61.     The allegations set forth in paragraph 61 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 61 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

62.     The allegations set forth in paragraph 62 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 62 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

63.    Defendants restate their Answers to Paragraphs 1 through 62 of the First Amended Complaint.

64.    The allegations set forth in paragraph 64 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 64 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

65.    The allegations set forth in paragraph 65 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 65 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

66.    The allegations set forth in paragraph 66 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 66 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

67.    Defendants restate their Answers to Paragraphs 1 through 66 of the First Amended Complaint.

68.    The allegations set forth in paragraph 68 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 68 of the First Amended Complaint or are otherwise without sufficient information to admit or

deny the remaining allegations in this paragraph and therefore, deny the same.

69. Defendants restate their Answers to Paragraphs 1 through 68 of the First Amended Complaint.

70. The allegations set forth in paragraph 70 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 70 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

71. The allegations set forth in paragraph 71 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 71 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

72. The allegations set forth in paragraph 72 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 72 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

73. The allegations set forth in paragraph 73 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 73 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

74.     The allegations set forth in paragraph 74 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 74 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

75.     Defendants restate their Answers to Paragraphs 1 through 74 of the First Amended Complaint.

76.     The allegations set forth in paragraph 76 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 76 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

77.     The allegations set forth in paragraph 77 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 77 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

78.     The allegations set forth in paragraph 78 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 78 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

79.     The allegations set forth in paragraph 79 of the First Amended

Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 79 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

80. The allegations set forth in paragraph 80 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 80 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

81. The allegations set forth in paragraph 81 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 81 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

82. The allegations set forth in paragraph 82 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 82 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

83. The allegations set forth in paragraph 83 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 83 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

84.     The allegations set forth in paragraph 84 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 84 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

85.     The allegations set forth in paragraph 85 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 85 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

86.     Defendants restate their Answers to Paragraphs 1 through 86 of the First Amended Complaint.

87.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 87 of the First Amended Complaint and therefore, deny the same.

88.     Defendants deny the allegations of Paragraph 88 of the First Amended Complaint.

89.     Defendants deny the allegations of Paragraph 89 of the First Amended Complaint.

90.     Defendants deny the allegations of Paragraph 90 of the First Amended Complaint.

91.     Defendants deny the allegations of Paragraph 91 of the First Amended Complaint.

92.     Defendants deny the allegations of Paragraph 92 of the First Amended Complaint.

93.     As to the allegations of Paragraph 93 of the First Amended Complaint, Defendants admit that Defendants have witnessed their company and national presence in its industry grow but deny the balance of the allegations.

94.     Defendants deny the allegations of Paragraph 94 of the First Amended Complaint.

95.     The allegations set forth in paragraph 95 of the First Amended Complaint contain conclusions of law that require no answer of respondents. Defendants deny the remaining allegations set forth in Paragraph 95 of the First Amended Complaint or are otherwise without sufficient information to admit or deny the remaining allegations in this paragraph and therefore, deny the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

96.     The First Amended Complaint fails to state a claim for product trade dress infringement under §1125(a) upon which relief can be granted.

### Second Affirmative Defense

97.     The First Amended Complaint fails to sufficiently articulate the primarily non-functional features of Plaintiff's purported product trade dress.

## Third Affirmative Defense

98.     As a matter of law, Plaintiff's purported product trade dress is not inherently distinctive .

## Fourth Affirmative Defense

99.     The First Amended Complaint does not allege sufficient *facts* to make plausible Plaintiff's claim that its product trade dress has acquired secondary meaning as a source identifier.

## Fifth Affirmative Defense

100.    Plaintiff's purported product trade dress is mere ornamentation.

## Sixth Affirmative Defense

101.    Plaintiff's purported trade dress is aesthetically functional.

## Seventh Affirmative Defense

102.    Defendant's trade dress is merely a fair use necessary to achieve the desired functionality of Defendant's products.

## Eighth Affirmative Defense

103.     Defendant's PAWZ mark is not similar in appearance, sound or commercial connotation to Plaintiff's federally registered trademarks FRIENDSHIPCOLLAR (Reg. No. 4917125) or FC FRIENDSHIPCOLLAR (Reg. No. 5033675).

### Ninth Affirmative Defense

104.    Plaintiff's federally registered trademark FC

FRIENDSHIPCOLLAR (Reg. No. 5033675) does not claim color as a feature of

the mark.

### Tenth Affirmative Defense

105.    Plaintiff's purported product trade dress is functional and therefore

legally unprotectable.  Trade dress law cannot be used to secure patent-like

protection in a useful product.

### Eleventh Affirmative Defense

106.    Plaintiff's purported product trade dress is unpatented and is

therefore legally unprotectable.

### Twelfth Affirmative Defense

107.    Plaintiff's purported product trade dress (i.e., dog collar and

matching bracelet) is a mere advertising idea and therefore not the proper subject

matter for a trade dress claim.

### Thirteenth Affirmative Defense

108.   The First Amended Complaint fails to state a claim for packaging

trade dress infringement under §1125(a) upon which relief can be granted.

### Fourteenth Affirmative Defense

109.    Plaintiff's purported packaging trade dress is functional and

therefore legally unprotectable.

## Fifteenth Affirmative Defense

110.    There is no likelihood of confusion, mistake or deception because the similarities between Plaintiff's and Defendant PAWZ, LLC's products are a consequence of the similar functions they serve.

## Sixteenth Affirmative Defense

111.    There is no likelihood of confusion, mistake or deception because Plaintiff's and Defendant PAWZ, LLC's product packagings are not confusingly similar.

## Seventeenth Affirmative Defense

112.    Defendant's trade dress will not cause likelihood of confusion due to the use of its own name and federally registered service mark in conjunction with Defendant's product and packaging.

## Eighteenth Affirmative Defense

113.    The elements of Plaintiff's alleged product and packaging trade dress are not distinctive and therefore are legally unprotectable.

## Nineteenth Affirmative Defense

114.    Neither Plaintiff's alleged product trade dress nor its packaging trade dress are famous.

## Twentieth Affirmative Defense

115.    Plaintiff has improperly joined Christian Campisi as an individual Defendant. All conduct alleged by Plaintiff to have been undertaken by

Defendants collectively or by Defendant Campisi individually were taken solely on behalf of or are solely attributable to Defendant PAWZ, LLC.

### Twenty-First Affirmative Defense

116.    Plaintiff is guilty of unclean hands.

### Twenty-Second Affirmative Defense

117.    Plaintiff's purported trade dress is being used to unfairly compete with or harass its competitors such as the Defendant.

### Twenty-Third Affirmative Defense

118.    Allowing trade dress protection to Plaintiff would prevent fair competition.

### Twenty-Fourth Affirmative Defense

119.    Defendant's use is in good faith and without any intention to infringe.

### Twenty-Fifth Affirmative Defense

120.    Plaintiff's purported trade dress is in common use by third parties unrelated to Plaintiff.

### Twenty-Sixth Affirmative Defense

121.    Plaintiff's product trade dress is generic relative to the product with which it is being used.

### Twenty-Seventh Affirmative Defense

122.    Plaintiff's trade dress claims are precluded by the *Sears-Compco* doctrine.

**Twenty-Eighth Affirmative Defense**

123.    A Registration Design is not a copyright in the context of, nor is it entitled to protection under, the Berne Convention.

**Twenty-Ninth Affirmative Defense**

124.    Defendants reserve the right to add additional affirmative defenses based upon further investigation and discovery.

## COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DAMAGES FOR TRADEMARK INFRINGEMENT/UNFAIR COMPETITION

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, PAWZ asserts the following Counterclaims against FriendshipCollar:

1.    This is a counterclaim for trademark infringement/unfair competition under 15 U.S.C. §1125(a) and the Ohio common law.   Accordingly this Court has subject matter jurisdiction under Title 28, United States Code §§ 1331 (federal question jurisdiction), and 28 U.S.C. §1367 (supplemental jurisdiction over state law claims).

2.    This Court has personal jurisdiction over FriendshipCollar because it brought this suit alleging trademark infringement in this Court.

3.    Venue is proper in this District pursuant to 28 U.S.C. §1391 (b).

## FACTUAL ALLEGATIONS

4.    PAWZ is an Ohio limited liability company formed in November of 2015.

5.    PAWZ principally sells clothing and accessories, including jewelry, for pet owners.

19

6.      Since its incorporation, PAWZ has donated and continues to donate a portion of its sales revenue to charity.  (See Exhibit A).

7.      PAWZ has a federally registered service mark consisting of a paw print with the word "PAWZ" under it for "promoting the charitable services of others, namely providing individuals with information about various charities for the purpose of making donations to charities;" and "entertainment services, namely providing images and text featuring animal stories and pictures on-line and in mobile wireless form" stating a date of first use and first use in commerce of November 28, 2015.  (See Exhibit B).

8.      PAWZ has been using the "best friends" concept in association with its jewelry, whereby one half of a metal locket is to be worn by the pet owner and the other half is to be worn by the owner's pet.  (See Exhibit C).

9.      In or about December of 2017, PAWZ determined to sell a matching pet collar and bracelet using that same "best friends" concept.

10.      FriendshipCollar has pled that it is a corporation organized under the Laws of the United Kingdom of Great Britain and Ireland and registered as an English company.

11.      Upon information and belief, FriendshipCollar sells matching pet collars and bracelets.

12.      Upon information and belief, FriendshipCollar became aware of PAWZ in or about December of 2017.

13.      Upon information and belief, FriendshipCollar has studied PAWZ advertising, as it has pled in its First Amended Complaint that "defendants operate

a popular instgram.com profile with over a million 'followers' which is monetized

through a shopify.com online sales platform at pawzshop.com."

14.     Since its incorporation, PAWZ has advertised that a portion of its

sales revenue goes to charities.  (See Exhibit A).

15.     Upon information and belief, FriendshipCollar recently began

advertising that it donates a portion of its revenue for shelter animals.  (See

Exhibit D).

16.     On or about December 26, 2017, FriendshipCollar obtained a UK

design registration for "Sgt. Paws" for "a dog collar and matching bracelet." (See

Exhibit E).

17.     Notwithstanding that its design registration is for "Sgt. Paws,"

FriendshipCollar is now advertising a "Sgt. Pawz" dog collar and matching

bracelet.  (See Exhibit F).

18.     PAWZ has advertised with its dog in the fashion seen in Exhibit G.

19.     Recently, FriendshipCollar has advertised with a similar dog in a

similar position as seen in Exhibit H.

20.     FriendshipCollar's activities are deliberate and intentional and

specifically intended to enrich it and harm and damage PAWZ.

## COUNT I—VIOLATION OF 15 U.S.C. §1125(a)

21.     PAWZ repeats the allegations set forth in paragraphs 1-20 as if

fully rewritten.

22.     By its activities, FriendshipCollar is intentionally, willfully and

maliciously, using in commerce a combination of words, marks, symbols, devices

and names in connection with its goods likely to cause confusion, or to cause

mistake, or to deceive as to an affiliation, connection or association with PAWZ,

or as to the origin, sponsorship, or approval of its goods by PAWZ.

23.     By its activities, FriendshipCollar is misrepresenting the nature,

characteristics, qualities and/or geographic origin of its goods and commercial

activities.

24.     FriendshipCollar's activities constitute a violation of 15 U.S.C.

§1125(a).

25.     FriendshipCollar's activities have caused and continue to cause

damage to PAWZ in this district and elsewhere.

26.     PAWZ has no adequate remedy at law.

27.     PAWZ has suffered and will continue to suffer lost sales as a result

of Friendship collar's activities.


**COUNT II—OHIO COMMON LAW—PALMING-OFF**

28.     PAWZ repeats the allegations set forth in paragraphs 1-27 as if

fully rewritten.

29.     FriendshipCollar's activities constitute palming-off under Ohio

common law.

30.     FriendshipCollar's activities have caused and continue to cause

damage to PAWZ.

31.     PAWZ has no adequate remedy at law.

32.     PAWZ has suffered and will continue to suffer lost sales as a result

of FriendshipCollar's activities.

<u>PRAYER FOR RELIEF</u>

For these reasons, Defendants pray for judgment against Plaintiff as follows:

A.     Defendants be found not to have infringed any intellectual property of Plaintiff;

B.     The First Amended Complaint against PAWZ and Campisi be dismissed with prejudice and that the Plaintiff take nothing;

C.     Plaintiff's complaint be deemed frivolous and that Defendants be awarded their reasonable attorneys' fees and costs of this action;

D.     Defendants be found to be the prevailing party on all causes of action brought by Plaintiff and be awarded their reasonable attorney's fees and costs of this action;

E.     On Defendants' counterclaim, FriendshipCollar's activities be found to violate 15 U.S.C. §1125(a) and FriendshipCollar be enjoined from those activities under 15 U.S.C. §1116;

F.     On Defendants' counterclaim, PAWZ be awarded damages under 15 U.S.C. §1117 consisting of FriendshipCollar's profits, actual damages sustained by PAWZ and the cost of the action, said amount to be trebled, and its attorneys' fees;

G.     On Defendants' Counterclaim, FriendshipCollar's activities be found to constitute palming-off under Ohio common law;

H.      On Defendants' Counterclaim, PAWZ be granted injunctive relief

together with compensatory damages to be proven at trial, prejudgment and post

judgment interest, and in view of FriendshipCollar's deliberate, willful and

malicious conduct, punitive damages; and

      I.      For such other and further relief to which PAWZ and Campisi may

be entitled under the law or in equity.

## **<u>DEMAND FOR JURY TRIAL</u>**

      Defendants demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all

claims as to all issues that may be tried by a jury.

      Respectfully submitted,

      <u>s:/Ray L. Weber</u>
Ray L. Weber      (0006497)
Laura J. Gentilcore      (0034702)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 376-1242
Fax:  (330) 376-9646
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com
*Attorneys for Defendants*

24

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS PAWZ, LLC AND CHRISTIAN CAMPISI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FRIENDSHIPCOLLAR LTD.'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM** has been filed electronically on August 2, 2018, with the United States District Court for the Northern District of Ohio.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s:/Ray L. Weber